12/03/02 TUE 08:47 FAX 703 305 1657 _____ ____BIA

# SUPPLEMENT TO VOLUME 16 OF THE ADMINISTRATIVE DECISIONS UNDER THE IMMIGRATION AND NATIONALITY LAWS OF THE UNITED STATES.

Insert Supplemental Pages After Page 362 of Volume 16.

✻ include "rev'g in I & N Dec. 355 (BIA 1977)" in cite

Interim Decision #2616

## MATTER OF HUANG

### In Deportation Proceedings

### A-20548982

### *Decided by Board April 10, 1978*

(1) An alien, whose application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, is denied by the District Director, is authorized by 8 C.F.R. 245.2(a)(4) to renew or resubmit his original application to the immigration judge in deportation proceedings.

(2) Under a longstanding agency interpretation the resubmission of an application for adjustment of status before an immigration judge under 8 C.F.R. 245.2(a)(4), based on the same facts. does not constitute a new filing.

(3) In renewing a section 245 application in deportation proceedings, a respondent has satisfied the visa availability requirements of section 245 if a visa was available to him when he originally filed his application with the District Director. (*Matter of Huang,* Interim Decision 2616 (BIA 1977) overruled.).

CHARGE:

Order: Act of 1952—Section 241(a)(2), I&N Act [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer than permitted

ON BEHALF OF RESPONDENT:
Hiram W. Kwan, Esquire
840 North Broadway, #200
Los Angeles, California 90012

ON BEHALF OF SERVICE:
Paul C. Vincent
Chief Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

Interim Decision #2616

On September 27, 1977, we dismissed the respondent's appeal from an immigration judge's decision, denying adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, and granting voluntary departure pursuant to section 244(e), 8 U.S.C. 1254(e). The Immigration and Naturalization Service has filed a motion for reconsideration, in which the respondent joins. The motion will be granted.

The issue which we are asked to reconsider involves the respondent's eligibility for relief under section 245 of the Act, 8 U.S.C. 1255.[1]

The respondent, a native and citizen of the Republic of China, filed an application for adjustment of status with the District Director in Los Angeles, claiming exemption from the labor certification requirements of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), as an investor. See 8 C.F.R. 212.8(b)(4). Denial of that application on February 19, 1975, was based on the District Director's finding that the respondent did not qualify as an investor. Deportation proceedings were instituted approximately two months later. At his deportation hearing, held on July 3, 1975, the respondent again applied for adjustment of status, claiming eligibility on the basis of his earlier investment. After consulting the current Department of State Visa Bulletin, the immigration judge denied the application on the ground that the respondent was statutorily ineligible for the relief since an immigrant visa number was not then available to him, as required by the statute.

On appeal, the respondent argued that while a visa number was not available at the time of the deportation hearing, a visa number had been available when he first submitted his application to the District Director. We rejected this argument, holding that the denial by the District Director effectively terminated the original application. We further concluded that a new "filing" was required when the respondent again applied for section 245 relief in deportation proceedings pursuant to 8 C.F.R. 245.2(a)(4). Hence, visa availability would necessarily be determined as of the date of the new filing.

The Immigration and Naturalization Service did not file a brief on appeal. It now urges, via motion, that we reverse our decision and adopt a position substantially identical to that advanced by the respondent on appeal. According to the Service, filing occurred when Mr. Huang submitted his application to the District Director. Later

---

[1] The respondent applied for adjustment of status prior to the Immigration and Nationality Act Amendments of 1976, Pub. L. 94-571, 90 Stat. 2703. While section 245 was one of the provisions amended, the changes should not affect the continuing applicability of this decision. For further discussion, see footnote 1 of our September 27, 1977, decision in this case.

362.2

consideration of his application by the immigration judge did not constitute a new filing because the respondent is authorized by 8 C.F.R. 245.2(a)(4) to "renew" or resubmit his original application in deportation proceedings. Visa availability, under this theory, need only be established at the time of the filing with the District Director. In its motion, the Service maintains that in actual practice, both the Immigration Service and the immigration judges have long treated the presentation of the application to the immigration judge as a renewal of the original application. Thus, it characterizes its position as a longstanding agency interpretation and reminds us that unless plainly erroneous or inconsistent with the regulation, an agency's construction of its own administrative regulation is entitled to authoritative weight. *Zuber v. Allen*, 396 U.S. 168 (1969); *Bowles v. Seminole Rock Co.*, 325 U.S. 410 (1945).

In light of the number of cases, past and pending, which have been appealed on precisely the issue now before us, we question the Service's appreciation of the actual practice of immigration judges in this area. Longstanding or not, our experience would indicate that the Service's position is not widely known. These reservations notwithstanding, we are well aware of the principle that deference is due to an interpretation given an administrative regulation by the federal agency entrusted with its promulgation and implementation. *INS v. Stanisic*, 395 U.S. 62 (1969); *Bingler v. Johnson*, 394 U.S. 741 (1969); *Udall v. Tallman*, 380 U.S. 1 (1965). The Service's construction of 8 C.F.R. 245.2(a)(4) is a reasonable interpretation of the regulation. We shall adopt it as controlling. We, therefore, hold that in renewing an application for adjustment of status in deportation proceedings, pursuant to 8 C.F.R. 245.2(a)(4), a respondent has satisfied the visa availability requirement of section 245 if a visa was available to him when he originally filed his application with the District Director. The motion for reconsideration will be granted.[2]

ORDER: The motion for reconsideration is granted; our decision in this case, dated September 27, 1977, is reversed. The record file is remanded to the immigration judge for his reconsideration of the

---

[1] In the Respondent's Answer to Motion for Reconsideration, the respondent suggests, as an additional basis for reopening the proceedings, the fact that he is now the beneficiary of an approved Form I-130 (Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa). If, on remand, the respondent abandons his investor claim altogether and pursues, instead, a new claim of eligibility as the spouse of a lawful permanent resident under section 203(a)(2) of the statute, 8 U.S.C. 1153(a)(2), his action may result in the creation of a new filing date. Cf. *Matter of Jo*, Interim Decision 2412 (BIA 1976).

362.3

Interim Decision #2616

respondent's application for adjustment of status in light of the fore-going opinion.

Board Member Ralph Farb abstained from consideration of this case.

362.4

☆U.S. GOVERNMENT PRINTING OFFICE: 1980 O—329-899